**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2011

No. 10-11123

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEN CHUN CHI, also known as Charlie Chi,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-47-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for the reason that appellant's counsel was effective in informing him of the possible consequences of pleading guilty.

Appellant states in his affidavit that counsel told him he may be deported if he entered the plea agreement. The contention in seeking a writ of *coram nobis* is that this advice failed to meet the Supreme Court's requirement in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11123

*Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).  We disagree.  And therefore it does not matter whether this decision states a new or old rule.

The Supreme Court has not required counsel to predict accurately the fact or likelihood of deportation action after the client pleads.  Because the law was clear and easily discerned, counsel in *Padilla* had a duty to give correct advice instead of the incorrect advice.  *Id.* at 1483.  But where the law is not so certain, counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences."  *Id.*  And that is what counsel in the present case did.  When counsel researched the law, he likely found the statutes providing that any alien who is *convicted* of an aggravated felony is deportable, 8 U.S.C. § 1227(a)(2)(A)(iii), and that an alien *convicted* of an "aggravated felony" will be conclusively presumed to be deportable, 8 U.S.C. § 1228(a).  Then he would find "aggravated felony" defined as an offense involving fraud in which the loss to the victim or government exceeds $10,000, 8 U.S.C. § 1101(a)(43)(M)(I & ii).  Chi was not convicted of an offense causing a loss of $10,000; he was convicted of causing a loss of $2,184.39.  There was a statement in the plea agreement that the government had lost $19,000 as the result of his other fraudulent activity, but there was no *conviction* of an aggravated felony as defined by the immigration statute.  Counsel's advice to Chi was reasonable.  The writ was correctly denied.

AFFIRMED.